**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TOUGH MUDDER, LLC,
PEACEMAKER NATIONAL TRAINING
CENTER, LLC, GENERAL MILLS, INC.,
and GENERAL MILLS SALES, INC.,**

        Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 3:14-CV-56
　　　　　　　　　　　　　　　　　　　　　　(JUDGE GROH)

**MITA SENGUPTA, individually and as
Personal Representative of Avishek
Sengupta, BIJON SENGUPTA, and
PRIYANKA SENGUPTA,**

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

The above-styled matter came before the Court for consideration of the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Abstain. ECF 24. For the following reasons, the Court **GRANTS** this motion because a necessary and indispensable party has not been joined and his joinder would deprive this Court of diversity jurisdiction.

### I. Background

This case concerns the death of Avishek Sengupta ("the Decedent") during a Tough Mudder. A Tough Mudder is a running event that involves obstacles. On April 20, 2013, Tough Mudder held a race, sponsored by General Mills, in Gerrardstown, West Virginia on property owned by Peacemaker National Training Center, LLC. The Decedent participated in this event. Before doing so, he completed an Assumption of Risk, Waiver of Liability,

and Indemnity Agreement ("the Agreement"). The Agreement contains the following arbitration clause:

> **Mediation and Arbitration:** In the event of a legal issue, **I agree to engage in good faith efforts to mediate** any dispute that might arise. Any agreement reached will be formalized by a written contractual agreement at that time. Should the issue not be resolved by mediation, I agree that all disputes, controversies, or claims arising out of my participation in the TM event **shall be submitted to binding arbitration** in accordance with the applicable rules of the American Arbitration Association then in effect. The cost of such action shall be shared equally by the parties.

Pet. to Compel Arbitration at 2.

During the event, the Decedent entered an obstacle called "Walk the Plank." This obstacle requires that participants climb a platform, jump into a pool of water, and swim out of the pool. Tough Mudder had retained Amphibious Medics to supervise this obstacle. The Decedent jumped from the platform, but did not rise to the water's surface. Travis Pittman, an underwater medic employed by Amphibious Medics, pulled the Decedent from the water. The Decedent did not regain consciousness. He was taken to the hospital and placed on life support. The next day, he died after life support was withdrawn.

Following the Decedent's death, his mother (Mita Sengupta), father (Bijon Sengupta), and sister (Priyanka Sengupta) attended mediation with Tough Mudder and Amphibious Medics regarding the Decedent's death. On April 15, 2014, the Senguptas' counsel sent an email stating his clients were terminating the mediation.

On April 18, 2014, Tough Mudder filed a demand for arbitration with the American Arbitration Association ("AAA") that named Mita Sengupta individually and as the personal representative of the Decedent's Estate, Bijon Sengupta, and Priyanka Sengupta as respondents. That same day, Mita Sengupta, individually and as the personal

2

representative of the Decedent's Estate, filed suit in the Circuit Court of Marshall County, West Virginia against Tough Mudder, Airsquid Ventures, Inc. (the business name of Amphibious Medics), Travis Pittman, Peacemaker National Training Center, General Mills, Inc., and General Mills Sales, Inc. (collectively "General Mills"). Her complaint raises a wrongful death claim against all defendants. It also seeks a declaration that the Agreement's arbitration clause and liability waiver are unenforceable, and, alternatively, that the waiver does not cover gross negligence, strict liability, and intentional tort claims.

On May 22, 2014, Tough Mudder added Peacemaker National Training Center and General Mills to its arbitration demand as claimants. The next day in the state case, Tough Mudder, Peacemaker National Training Center, and General Mills filed a motion to dismiss for improper venue and forum non conveniens or to transfer the case to the Circuit Court of Berkeley County, West Virginia as well as a motion to stay and compel arbitration. Airsquid and Mr. Pittman also filed a motion to stay and compel arbitration in the state case. Both motions to compel arbitration rely on the Agreement. On May 30, 2014, the state court issued a temporary restraining order that enjoined the arbitration.

On June 2, 2014, Tough Mudder, Peacemaker National Training Center, and General Mills (collectively "the Petitioners") filed a Petition to Compel Arbitration and to Stay State Court Litigation in this Court against Mita Sengupta individually and as the personal representative of the Decedent's Estate, Bijon Sengupta, and Priyanka Sengupta (collectively "the Senguptas"). Their petition invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. On July 2, 2014, this Court denied the motion to stay and set an evidentiary hearing concerning the petition for August 13, 2014.

On August 8, 2014, the Senguptas filed a motion to dismiss the petition for lack of

subject matter jurisdiction under Federal Rule of Civil Procedure 19 and the "look through" doctrine pronounced by the Supreme Court in Vaden v. Discover Bank, 556 U.S. 49 (2009). See Fed. R. Civ. P. 12(b)(1), (7). They alternatively ask the Court to abstain from hearing this matter under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). In light of this motion, the Court generally continued the petition to compel arbitration hearing.

## II. Discussion

The Senguptas first argue that Rule 19 mandates dismissal because Mr. Pittman is a necessary and indispensable party whose joinder would destroy diversity jurisdiction.[1] Because the Court finds this is the case, the Court does not reach the questions of Vaden's applicability or abstention.

Section 4 of the Federal Arbitration Act ("FAA") authorizes a party to petition a federal court for an order compelling arbitration. To hear the petition, however, a federal court must have an independent basis for subject matter jurisdiction. Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432-33 (4th Cir. 2014). Here, the Petitioners rely on this Court's diversity jurisdiction. The parties' citizenship therefore must be complete–that is, "the state of citizenship of each plaintiff must be different from that of each defendant." Id. at 433 (citation and quotation marks omitted). The Senguptas argue that the Court must dismiss this action for lack of subject matter jurisdiction because Mr. Pittman, who shares Maryland citizenship with Mrs. Sengupta, must be joined to this

---

[1] The Senguptas also argue Airsquid must be joined. Because Airsquid's citizenship would not destroy diversity jurisdiction, the Court does not consider whether Rule 19 requires his joinder.

4

action. The Petitioners do not contest Mr. Pittman's citizenship. Instead, they contend that Rule 19 does not require his joinder.

A court must dismiss a case if an absent party is necessary and indispensable under Rule 19. Id.; see also Fed. R. Civ. P. 12(b)(7). This analysis has two steps. Home Buyers Warranty Corp., 750 F.3d at 433. First, a court must determine "whether a party is necessary to [the] proceeding because of its relationship to the matter under consideration." Id. (citation and quotation marks omitted). Second, if the party is necessary but its joinder would deprive the court of subject matter jurisdiction, "the court must decide under Rule 19(b) whether the proceeding can continue in that party's absence" (i.e., whether the party is indispensable). Id. (citation and quotation marks omitted). Thus, the Court will first consider whether Mr. Pittman is a necessary party.

### 1. Whether Mr. Pittman Is a Necessary Party

A party can be necessary in three ways under Rule 19. See Fed. R. Civ. P. 19(a)(1)(A)-(B). Mr. Pittman is a necessary party under at least two of these provisions.

Under Rule 19(a)(1)(B)(ii), a party is necessary if it "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

As a threshold matter, Mr. Pittman has an interest in the petition because he, too, seeks to compel arbitration of the wrongful death claim based on the Agreement. See Home Buyers Warranty Corp., 750 F.3d at 434-35; see also Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 441 (4th Cir. 1999); Cytec Indus., Inc. v. Powell, 630 F. Supp. 2d 680, 686 (N.D.W. Va. 2009) (finding absent party had interest in petition to compel arbitration

because it sought to compel arbitration in underlying state case). The Petitioners urge to the contrary, essentially arguing that Mr. Pittman has no interest in this matter because he can seek arbitration in the state court proceedings like he could here. The Fourth Circuit, however, has consistently found a non-joined party has an interest in a petition to compel arbitration even if it can litigate arbitrability in the underlying state proceeding. See Home Buyers Warranty Corp., 750 F.3d at 434-35 (finding absent party had interest in petition to compel arbitration where it also had a right to demand arbitration); Owens-Illinois, Inc., 186 F.3d at 441 (holding non-diverse parties in underlying state action who were omitted from petition to compel arbitration but subject to same arbitration provision were necessary parties). Indeed, Mr. Pittman has an interest in how the arbitrability issue is resolved as a general matter because he–like the Petitioners and Airsquid–all face the same wrongful death claim and all rely on the same Agreement to compel arbitration of that claim. Given these overlapping legal and factual issues, limiting Mr. Pittman's interest in the arbitration of this claim solely to the state court case ignores the fact that any ruling on the petition will necessarily impact the obligations of all parties to the state case.

Having found that Mr. Pittman has an interest in this matter, concurrent state and federal proceedings concerning arbitrability of the wrongful death claim creates a "high likelihood" that one or more of the parties will face inconsistent obligations.[2] See Home

---

[2] The Petitioners contend that this Court's authority to rule on their petition and supersede any prior order of the state court on arbitrability ameliorates the risk of the inconsistent obligations contemplated by Rule 19(a)(1)(B)(ii), relying heavily on the Supreme Court's decision in Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983). This argument is misplaced. In Moses H. Cone, the Supreme Court found, among other things, that the pendency of the arbitrability issue before state and federal courts did not counsel for abstention under Colorado River. See 460 U.S. at 19-23. In doing so, the Supreme Court recognized that the FAA embodies a strong policy

Buyers Warranty Corp., 750 F.3d at 434; see also Owens-Illinois, Inc., 186 F.3d at 441; Cytec Indus., Inc., 630 F. Supp. 2d at 686.  Indeed, one court may compel arbitration of the wrongful death claim while the other does not.  The Fourth Circuit has consistently held that the risk of differing interpretations of an arbitration provision in this situation justifies having one tribunal with all of the affected parties before it hear the matter.  See Home Buyers Warranty Corp., 750 F.3d at 434; Owens-Illinois,Inc., 186 F.3d at 441.  Thus, Mr. Pittman is a necessary party under Rule 19(a)(2)(ii).

Mr. Pittman can also be a necessary party under Rule 19(a)(1)(A), which applies if "the court cannot accord complete relief among existing parties" in his absence.  Here, a single wrongful death claim underlies this matter.  For Mrs. Sengupta to recover fully on this claim (assuming she proves liability), it is critical for all of the state court defendants to be bound to a common judgment.  See Home Buyers Warranty Corp., 750 F.3d at 434 (holding district court could not issue complete relief to home buyer where petition to compel arbitration arose from home buyer's claims against joined and non-joined parties concerning defects in her home).  This Court cannot provide Mrs. Sengupta with complete relief in this regard because the Court can only decide the forum in which the Senguptas

---

favoring arbitration and, by extension, piecemeal litigation.  See id. at 20, 24 (stating that the FAA "*requires* piecemeal resolution when necessary to give effect to an arbitration agreement").  While Moses H. Cone makes it clear that federal courts can compel arbitration even when a state court is considering the same issue, the Fourth Circuit stated in Home Buyers that the requirements of Rule 19 and subject matter jurisdiction apply regardless of Moses H. Cone and the FAA's policy favoring arbitration.  See 750 F.3d at 437 (rejecting argument that Moses H. Cone required district court to assume subject matter jurisdiction over petition to compel arbitration where an absent party was necessary and indispensable).  Indeed, the requirements of Rule 19 are particularly critical here because the Court's authority to rule on the petition without all affected parties before it regardless of a state court order is what creates the risk that the parties will face inconsistent obligations.  It does not eliminate that risk.

7

must pursue her claim against the Petitioners. Thus, Mr. Pittman is also a necessary party under Rule 19(a)(1)(A). See id.

### 2. Whether Mr. Pittman Is an Indispensable Party

There is no dispute that joining Mr. Pittman to this action would destroy diversity jurisdiction. Thus, the Court must now determine whether he is indispensable to this action in light of four factors enumerated in Rule 19(b). See id. at 435.

The first factor is "the extent to which a judgment rendered in [Mr. Pittman's] absence might prejudice" him "or the existing parties." Fed. R. Civ. P. 19(b)(1). It "speaks to many of the same concerns addressed by the necessity analysis under Rule 19(a)(1)(B)." Home Buyers Warranty Corp., 750 F.3d at 435. As noted earlier, there is a significant chance that Mrs. Sengupta will be prejudiced if this petition proceeds. See id. Mrs. Sengupta has a strong interest in having the arbitrability issue and her wrongful death claim litigated before a single tribunal with all affected parties present. See id. Proceeding otherwise subjects her to a "high potential for factual and legal whipsawing" where she may need to litigate her claim in different forums that may reach different conclusions on those issues. See Owens-Illinois, Inc., 186 F.3d at 441; see also Cytec Indus., Inc., 630 F. Supp. 2d at 686. Thus, this factor indicates Mr. Pittman is indispensable. See Home Buyers Warranty Corp., 750 F.3d at 435.

The Petitioners argue that various decision from other circuits, including Brookedale Senior Living Inc. v. Stacy, __ F. Supp. 2d __, 2014 WL 2807524 (E.D. Ky. 2014), demonstrate that prejudice cannot arise from the possibility that a state and federal court may decide the arbitrability issue differently. Not only do these decisions not bind this Court, but Brookedale demonstrates that this argument is misplaced. In Brookedale, the

8

district court noted that the Fourth Circuit, unlike the Sixth Circuit where the Brookedale court is located, has held that "duplicative litigation and potentially inconsistent legal conclusions over [an] arbitration agreement" generates prejudice that renders a party indispensable. Id. at *5-6. This statement is accurate as the Fourth Circuit reached just that conclusion in Owens-Illinois, Inc. See 186 F.3d at 441. Thus, this Court declines to depart from well-established Fourth Circuit precedent as the Petitioners urge.

The second factor concerns the extent to which the Court could lessen or avoid "the prejudicial impact of proceeding" without Mr. Pittman through protective measures. Home Buyers Warranty Corp., 750 F.3d at 435; see also Fed. R. Civ. P. 19(b)(2). The Court could not take any such actions because prejudice stems from the pendency of the arbitrability issue before this Court without all affected parties present. See Home Buyers Warranty Corp., 750 F.3d at 436; see also Owens-Illinois, Inc., 186 F.3d at 442; Cytec Indus., Inc., 630 F. Supp. 2d at 686. Moreover, the Petitioners do not argue that the Court could do so. Thus, this factor also shows Mr. Pittman is indispensable.

The third factor addresses "whether a judgment in [Mr. Pittman's] absence would be adequate." Fed. R. Civ. P. 19(b)(3). This factor "focuses on 'the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" Home Buyers Warranty Corp., 750 F.3d at 436 (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968)). The Fourth Circuit recently explained in Home Buyers that parallel proceedings concerning arbitrability "could produce just the opposite: incomplete, inconsistent, and inefficient rulings." Id. Thus, like in Home Buyers, this factor indicates Mr. Pittman is an indispensable party.

The final factor is whether the Petitioners "would have an adequate remedy if the

9

action were dismissed for non-joinder." Fed. R. Civ. P. 19(b)(4). There is no question that they would, and the Petitioners do not argue otherwise. The Petitioners, Mr. Pittman, and Airsquid all filed motions to compel arbitration in the state case. The state court is currently considering those motions and has the power to decide whether to compel arbitration just like this Court does. See Home Buyers Warranty Corp., 750 F.3d at 436. Moreover, unlike here, the state court has the benefit of having all affected parties before it. Thus, the state court provides the Petitioners with an adequate remedy.

In sum, all of the relevant factors indicate that Mr. Pittman is indispensable to this matter. Because Mr. Pittman is a necessary and indispensable party, the Court must dismiss the petition for lack of subject matter jurisdiction.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Dismiss for failure to join a necessary and indispensable party. Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**. The Court **ORDERS** that this case be **STRICKEN** from this Court's active docket.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record.

**DATED:** October 2, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE